People v Jackson
2026 NY Slip Op 02729
April 30, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Michael T. Jackson, Defendant-Appellant.

Decided and Entered: April 30, 2026
Ind No. 73164/23|Appeal No. 6502|Case No. 2025-00587|
Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joseph P. Tucker of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered December 18, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to 3 years of probation, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his excessive sentence claim (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). As an alternative holding, we perceive no basis to reduce his sentence.
Defendant's facial challenge to the "good moral character" provision of New York's gun licensing scheme survives his waiver of the right to appeal, and he has standing to bring it despite his never having applied for a gun license (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). However, the contention is unpreserved and we decline to review it in the interest of justice (id.) Alternatively, we find the claim unavailing (see People v Martinez, 238 AD3d 423, 424 [1st Dept 2025], lv denied 44 NY3d 1067 [2026]).
Defendant's ineffective assistance claim based on trial counsel's failure to raise his good moral character argument is not reviewable because it involves matters not reflected in the record and thus must first be raised in a CPL 440.10 motion (see People v Martinez, 231 AD3d 448, 449 [1st Dept 2024], lv denied 42 NY3d 1081 [2025]). To the extent the record permits review, we find that defendant has failed to establish that counsel was ineffective (see People v Caban, 5 NY3d 143, 152 [2005]).
Defendant's as-applied constitutional challenges to condition 7 of his probation, which requires him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and do not consort with disreputable people" are foreclosed by his valid wavier of the right to appeal (see Lowndes, 239 AD3d at 575). They are also unpreserved, and we decline to review them in the interest of justice (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2026